UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

---

**DOCKETING STATEMENT**

---

| | |
|---|---|
| Appeal Number | 26-6136 |
| Case Name | Lew S. McGinnis v. Nationwide Life and Annuity Insurance Co., Nationwide Life Insurance Co. and James A. Mueller |
| Party or Parties Filing Notice of Appeal Or Petition | Lew S. McGinnis |
| Appellee(s) or Respondent(s) | Nationwide Life and Annuity Insurance Co., Nationwide Life Insurance Co. and James A. Mueller |
| List all prior or related appeals in this court with appropriate citation(s). | None |

## I. JURISDICTION OVER APPEAL OR PETITION FOR REVIEW

### A. APPEAL FROM DISTRICT COURT

1. Date final judgment or order to be reviewed was **entered** on the district court docket: August 3, 2026

2. Date notice of appeal was **filed**: August 30, 2026

3. State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 30 days

   **a.** Was the United States or an officer or an agency of the United States a party below? No

   **b.** Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of

any order disposing of the motion, and the deadline for filing the notice of appeal: No

**4.** Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

**a.** Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

N/A

**b.** Has an order been entered by the district court disposing of any such motion, and, if so, when?

N/A

**5.** Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. Yes

**(If your answer to Question 5 is no, please answer the following questions in this section.)**

**a.** If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

N/A

**b.** If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)? N/A

**c.** If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? N/A

**6.** Cross Appeals.

**a.** If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

N/A

**b.** If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross

appeals). N/A

**B. REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

1. Date of the order to be reviewed: ______

2. Date petition for review was filed: ______

3. Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: ______

4. Specify the time limit for filing the petition (cite specific statutory section or other authority): ______

**C. APPEAL OF TAX COURT DECISION**

1. Date of entry of decision appealed: ______

2. Date notice of appeal was filed: ______
(If notice was filed by mail, attach proof of postmark.)

3. State the time limit for filing notice of appeal (cite specific statutory section or other authority): ______

4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) ______

## II. ADDITIONAL INFORMATION IN CRIMINAL APPEALS.

**A.** Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? ______

**B.** If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? ______

**C.** Describe the sentence imposed. ______

______

**D.** Was the sentence imposed after a plea of guilty? ______

**E.** If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? ______

**F.** Is the defendant on probation or at liberty pending appeal? ______

**G.** If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?______________________________

**NOTE:** In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

## III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW.

Suit against insurance company and agent/broker for various claims, including breach of contract, fraud, misrepresentations, insurance code violations. Ruling was based on limitations argument not merits of the case itself. Appellant contends that tolling should have applied to preserve claims when they were dismissed in Texas and refiled in Oklahoma and/or that limitations did not run on all claims even if tolling did not apply. District Court granted summary judgment for Defendants. There were material facts that should have prevented summary judgment from being granted as well as applicable law regarding time to bring claims. Plaintiff/ Appellant seeks review of such legal and factual issues and reversal.

## IV. IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below. *See* 10th Cir. R. 3.4(B).

The District Court erred in granting summary judgment in favor of the Defendants based on statute of limitations.

The District Court erred in granting summary judgment in favor of the Defendants based on inapplicability of tolling when once case is dismissed in another jurisdiction and then refiled in Oklahoma within less than 30 days.

The District Court erred in granting summary judgment finding there were no material facts in dispute regarding the timing of events that would have given notice of the date such claims arose.

The District Court erred in granting summary judgment finding there were no ongoing and continuing breaches gave rise to the claims and causes of action that would have prevented the limitations periods from running.

## V. ATTORNEY FILING DOCKETING STATEMENT:

Name: Joyce W. Lindauer Telephone: (972) 503-4033

Firm: Lindauer & Vaughn

Email Address: joyce@joycelindauer.com

Address: 117 S. Dallas Street

Ennis, Texas 75119

Signature

9/14/2026

Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, Joyce W. Lindauer, hereby certify that on
[attorney for appellant/petitioner]

September 16, 2026, I served a copy of the foregoing **Docketing Statement**, to:
[date]

Peter M. Kramer and R. Ben Houston, at
[counsel for/or appellee/respondent]

Peter M. Kramer, Squire Patton Boggs (US), LLP, 200 S. Biscayne Blvd., Suite 3400, Miami, FL 33131

R. Ben Houston, Gordon & Rees, 3030 NW Expressway, Suite 300 #682, Oklahoma City, OK 73112

, the last known address/email address, by

email at: peter.kramer@squirepb.com and bhouston@grsm.com.
[state method of service]

Signature

September 16, 2026
Date

Joyce W. Lindauer
Texas State Bar No. 21555700
Lindauer & Vaughn
117 S. Dallas Street
Ennis, Texas 75119
Telephone: (972) 503-4033
Facsimile: (972) 503-4034
Email: joyce@joycelindauer.com